**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-7760-JFW(PDx)** Date: October 14, 2026

Title: Hesham Mankarious *-v-* Porsche Cars North America, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447 [filed 9/9/2026; Docket No. 23]**

On September 9, 2026, Plaintiff Hesham Mankarious ("Plaintiff") filed a Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion"). On September 28, 2026, Defendant Porsche Cars North America, Inc. ("Defendant") filed its Opposition. On October 1, 2026, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 19, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the Complaint, Plaintiff alleges that, on March 14, 2024, he leased a new 2024 Porsche Macan (the "Subject Vehicle"), which was manufactured and/or distributed by Defendant. After leasing the Subject Vehicle, Plaintiff alleges that the Subject Vehicle "failed an unreasonable amount of times, did not function properly, and was not safe or reliable" and that it manifested defects, including defects in assembly and design. Complaint ¶¶ 8, 12. According to Plaintiff, Defendant was unable to repair the Subject Vehicle after a reasonable number of repair attempts. On May 29, 2026, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court ("LASC"), alleging causes of action for: (1) breach of implied warranty; (2) breach of express warranty; and (3) violation of the Song Beverly Consumer Warranty Act. He seeks, *inter alia*, incidental and consequential damages, a civil penalty, and reasonable attorneys' fees.

On July 15, 2026, Defendant filed a Notice of Removal, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff now moves to remand, arguing that

Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.

Based upon the evidence presented in support of Plaintiff's moving papers, Plaintiff's total obligation under the lease is $43,027.34, consisting of an initial payment of $7,500 and 38 monthly payments of $934.93. As of July 2026, Plaintiff has paid $33,678.04 of that amount. The Subject Vehicle had only 18 miles on the odometer at delivery, and was first presented for repair with 14,575 miles on the odometer.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")*.*

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). A defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Generally, removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

## III. DISCUSSION

The Court concludes that Defendant has met its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[1]

Under the Song-Beverly Act, a plaintiff can recover actual damages and other equitable relief, a "civil penalty which shall not exceed two times the amount of actual damages," and a "sum equal to the aggregate amount of costs and expenses, including attorney's fees." Cal. Civ. Code §§ 1794(a), 1794(d), and 1794(e). Actual damages under the Song-Beverly Act are equal to "the actual price paid or payable by the buyer" including "any collateral charges such as sales or use tax, license fees, registration fees, and other official fees" plus any incidental damages to which the buyer is entitled under Section 1794, minus the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal

---

[1] It is undisputed that the parties are diverse because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Georgia.

Civ. Code § 1793.2(d)(2)(B)-(C). Civil penalties are available if the plaintiff establishes that the defendant's failure to comply with its obligations under the Act was "willful." Cal. Civ. Code § 1794(c).

In this case, the actual price payable by Plaintiff under the Lease Agreement is $43,027.34, consisting of an initial payment of $7,500 and 38 monthly payments of $934.93. *See Ronnell Sims v. Ford Motor Co.*, 2026 WL 2997347, at *4 (C.D. Cal. Oct. 5, 2026) (finding that it "is permissible to include the full value of the lease payments in determining Plaintiff's actual damages because the Song-Beverly Act permits recovery of "the actual price paid or *payable* by the buyer") (citing Cal. Civ. Code § 1793.2(d)(2)(B)). After a statutory mileage offset of $8,443.06 (based on 14,557 miles of use and the Subject Vehicle's agreed-upon value of $69,600 as set forth in the Lease Agreement), Plaintiff has placed actual damages of $34,584.28 in controversy ($43,027.34 - $8,443.06). *See* Cal. Civ. Code § 1793.2 ("The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."); *Carver v. Volkswagen Grp. of Am., Inc.*, 107 Cal. App. 5th 864, 881-84 (2024) (holding that for leased vehicles, the offset is calculated using the agreed-upon vehicle value rather than the lessee's total payment obligations).

With respect to civil penalties, "[t]he Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases." *Wang v. FCA US LLC*, 2025 WL 1218745, at *2 (C.D. Cal. Apr. 28, 2025) (*citing Babasa v. LensCrafters, Inc*., 498 F.3d 972, 974 (9th Cir. 2007)). In this case, Plaintiff clearly alleges that Defendant's conduct was willful and thus seeks civil penalties of up to two times the amount of actual damages. *See* Complaint at ¶ 22. As a result, the Court concludes that a reasonable calculation of Plaintiff's civil penalties is $69,168.56 ($34,584.28 x 2). *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) (declining to require the defendant to "prove a case against itself" with respect to liability for civil penalties in the calculation of the amount in controversy). As a result, the amount in controversy, exclusive of attorneys' fees, based on actual damages and civil penalties is $103,752.84 ($34, 584.28 in actual damages plus $69,168.56 in civil penalties).[2]

---

[2] Prospective attorneys' fees are also properly included in the Court's assessment of the amount in controversy and would only add to this amount. *See Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy"); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (noting that the amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes"); *see also Carrington Stonemasones, Inc. v. Ford Motor Company*, 2024 WL 1745038, at *4 (N.D. Cal. Apr. 22, 2024) (noting that attorneys' fees in Song-Beverly Act actions "usually total at least $35,000 and commonly exceed $100,000"); *Salvestrini v. General Motors, LLC*, 2023 WL 8255125, at *5 (S.D. Cal. Nov. 29, 2023) (concluding that courts may rely on their "own knowledge of customary rates and [their] experience concerning reasonable and proper fees" and finding that $50,000 was a

Accordingly, the Court concludes that Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.[3]

IT IS SO ORDERED.

---

reasonable estimate of attorneys' fees in a Song-Beverly Act case) (*citing Frisch v. Swift Transporation Company of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018)).

[3]The Standing Order, filed on July 29, 2026 (Docket No. 10), provides in relevant part: "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). Plaintiff and Defendant failed to file the required Proposed Statement of Decision. Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f). Accordingly, Plaintiff's Motion is also denied for Plaintiff's failure to lodge the Proposed Statement of Decision in violation of the Court's Standing Order.

 Initials of Deputy Clerk jloz